The Honorable Tom Courtway State Representative P.O. Box 56 Conway, Arkansas 72033
Dear Representative Courtway:
You have requested an official Attorney General opinion concerning the permissibility of destroying certain old and outdated municipal court records.
You have asked:
 Is there a statutory procedure, other than the procedure set forth in A.C.A. § 14-2-201 et seq. (which requires microfilming or other copying for storage), whereby a municipal court clerk may destroy or dispose of outdated file materials, documents, or records that are at least 10 years old and are no longer needed for any court business?
It is my opinion that the authority to destroy municipal court records without copying them will vary according to the particular document.
The general authority for destruction of municipal court records is set forth in the statute that you referenced: A.C.A. § 14-2-201. That statute states:
14-2-203. Disposal, etc., of copied records.
 Whenever photostatic copies, photographs, microfilms, or reproductions on films of public records shall be placed in conveniently accessible files and provision made for preserving, examining, and using them, the head of a county office or department or city office or department may certify those facts to the county court or to the mayor of a municipality, respectively, who shall have the power to authorize the disposal, archival storage, or destruction of the records.
A.C.A. § 14-2-203.
A similar statement of authority to destroy documents is set forth in A.C.A. § 13-4-204, as follows:
13-4-204. Destruction of original.
 When any document is recorded by the means prescribed by § 13-4-201,[1] the original may be destroyed unless the document is over fifty (50) years old and handwritten or its preservation is otherwise required by law.
Under the foregoing authorities, almost all documents can be destroyed if copies are retained. Nevertheless, some documents, by specific statutory authority, may be destroyed without the retention of copies. For example, under the provisions of A.C.A. § 16-10-207(1)(F), completed "uniform ticket books" may be destroyed after having been maintained and audited for a period of three years. The statute states no requirement that these ticket books be copied before being destroyed.
It therefore appears to be the general rule that documents must be copied before being destroyed, but that specific statutory authority can override the general rule by permitting the destruction of some documents without their being copied. Accordingly, I conclude that in the absence of specific statutory authority allowing the destruction of a particular municipal court document without its being copied, all municipal court documents must be copied in one of the forms allowed by law before they are destroyed.
I have attached a copy of Attorney General Opinion No. 96-065, in which I discussed the authority to destroy certain specifically listed municipal court documents.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] A.C.A. § 13-4-201 states:
 The circuit clerks, county clerks, municipal clerks and recorders, and any public officers whose duty it is to make and maintain court records are authorized to use and employ an approved system of photographic recording, photostatic recording, microfilm, microcard, miniature photographic recording, digital compact disc, optical disc, and other process which accurately reproduces or forms a durable medium for reproducing the original.
A.C.A. § 13-4-201.